UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.                                                    Case No: 8:23-cv-1126-TPB-JSS

JOHN DOE,

    Defendant.
_____/

## ORDER

Plaintiff moves for leave to serve a third-party subpoena prior to the Rule 26(f) conference in this matter pursuant to Federal Rule of Civil Procedure 26(d)(1). (Motion, Dkt. 8.) On June 8, 2023, Plaintiff filed a corrected version of its proposed subpoena. (Dkts. 9, 9-1.) For the following reasons, the Motion is granted.

## BACKGROUND

On May 22, 2023, Plaintiff filed a complaint against Defendant John Doe, an unidentified individual, alleging copyright infringement of Plaintiff's movies. (Dkt. 1.) As alleged in the Complaint, Defendant used the BitTorrent file distribution system to copy and distribute Plaintiff's copyrighted material over the internet. (*Id.* ¶¶ 17–43.) Plaintiff has identified Defendant only through his or her internet protocol (IP) address. (*Id.* ¶ 12; Dkt. 8 at 2.)

In the Motion, Plaintiff seeks leave to serve a third-party subpoena on Defendant's Internet Service Provide (ISP), Charter Communications, Inc./Spectrum

(Spectrum), to learn Defendant's name and address. (Dkt. 8 at 2; Dkt. 9-1.) Plaintiff claims that Spectrum "is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity" and "[w]ithout this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights." (Dkt. 8 at 2–3.)

## APPLICABLE STANDARDS

A district court has broad discretion to dictate the sequence of discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Unless otherwise authorized by the court, a party may not seek discovery from any source before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). When determining whether to allow discovery in advance of a Rule 26(f) conference, a district court will consider whether the moving party has established "good cause" to warrant the expedited discovery. *United States v. Gachette*, No. 6:14-cv-1539-Orl-37, 2014 WL 5518669, at *1 (M.D. Fla. Sept. 26, 2014); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *TracFone*, 299 F.R.D. at 694 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

## ANALYSIS

The court finds that Plaintiff has demonstrated good cause for issuance of the requested subpoena to Spectrum prior to the Rule 26(f) conference. *See Manny Film LLC v. Doe*, No. 8:15-cv-507-T-36EAJ, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015) ("In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim."). Plaintiff's Complaint alleges 103 instances of Defendant's infringement of Plaintiff's movies across a span of approximately 8 months, with 98 of those alleged instances occurring on May 9–10, 2023. (Dkt. 1 ¶ 4; Dkt. 1-1.) Plaintiff has also reasonably linked this alleged infringement to Defendant's IP address through the use of Plaintiff's investigatory tools. *See* (Dkts. 8-1, 8-2, 8-3.) In support of the Motion, Plaintiff submits the declaration of David Williamson, which describes the components of processes of the infringement detection system that Plaintiff "owns and uses to identify the IP addresses used by individuals infringing Plaintiff's movies via the BitTorrent protocol." (Dkt. 8-1 at 8.) Plaintiff alleges in its Complaint and argues in the Motion that it used this infringement detection system to identify "transactions from Defendant sharing specific pieces of 103 digital media files that have been determined to be identical (or substantially similar) to a copyrighted work(s) that Plaintiff owns." (Dkt. 1 ¶ 37; Dkt. 1-1; Dkt. 8 at 6–7.) Plaintiff also submits the declaration of Patrick Paige, in which Mr. Paige states that based on his

experience and review, a user at Defendant's IP address engaged in a transaction on May 10, 2023 that included the transmission of a piece or pieces of a file containing Plaintiff's copyrighted material. (Dkt. 8-2 at 6.) Finally, Plaintiff submits the declaration of Susan B. Stalzer, in which Ms. Stalzer states that she viewed each of the 103 digital media files identified by Plaintiff and confirmed that they are identical or similar to Plaintiff's copyrighted movies. (Dkt. 8-3.)

Further, Plaintiff's proposed subpoena is limited to requesting only the name and address associated with Defendant's IP address (Dkt. 9-1), and Plaintiff has demonstrated that this information can only be gained through serving a subpoena on Spectrum. *See* (Dkt. 8 at 9–10; Dkt. 8-2 at 6.) Plaintiff also states that the subpoenaed information is necessary for Plaintiff to properly serve Defendant, to conduct the Rule 26(f) conference, and to advance its infringement claim. (Dkt. 8 at 10–11.) Plaintiff has therefore demonstrated good cause for the requested subpoena to be issued to Spectrum, with the additional procedural safeguards outlined below. *See, e.g.*, *Manny Film LLC*, 2015 WL 12850566 at *2–3 (recognizing need for procedural protections due to risk that "a non-infringing party could be identified and served"); *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-0765-KKM-CPT, 2022 WL 1721034, at *2 (M.D. Fla. May 27, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 3:19-cv-508-J-34JRK, 2019 WL 10787748, at *2 (M.D. Fla. May 23, 2019).

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (Dkt. 8) is **GRANTED** as set forth herein.

2. Plaintiff may serve Spectrum with the Rule 45 subpoena (Dkt. 9-1) directing Spectrum to provide Plaintiff with the name and address of the subscriber at the identified IP address. Plaintiff may also serve a Rule 45 subpoena seeking the same information on any other ISP that may be later identified in response to the initial subpoena to Spectrum.

3. Plaintiff shall attach a copy of the Complaint (Dkt. 1), its attachments, and this order to any subpoena.

4. Any ISP that receives a subpoena pursuant to this order shall not assess any charge to Plaintiff in advance of providing the requested information; however, an ISP may elect to charge a reasonable amount for the costs of production.

5. Any ISP that receives a subpoena pursuant to this order shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

6. Any information disclosed to Plaintiff in response to a subpoena authorized by this order may be used by Plaintiff solely for purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint (Dkt. 1).

7. Once Defendant's identity is discovered, Plaintiff must notify Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve Defendant at least 14 days prior to seeking the issuance of a summons from the Clerk.

**ORDERED** in Tampa, Florida, on June 30, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record